(No. 17937.—Reversed and remanded.)
THE ROSICLARE LEAD AND FLUORSPAR MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROY MILLIKAN, Defendant in Error.)

*Opinion filed February 16, 1927.*

WORKMEN'S COMPENSATION—*what necessary to justify award for permanent total disability.* To justify an award for permanent total disability the applicant must show not only that he has been injured and is entitled to compensation for such injury, but he must also show by evidence that his injuries will be reasonably certain to leave him permanently totally incapacitated.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. CHARLES H. MILLER, Judge, presiding.

WATSON & WARFORD, for plaintiff in error.

CLARENCE E. SOWARD, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

April 25, 1923, Roy Millikan, then in the employ of the Rosiclare Lead and Fluorspar Mining Company, while driving a motor underground, was caught between the motor and the wall of the drift and injured. He was taken to a hospital and placed under the care of a physician, where he remained until May 9, 1923. He was then removed to his home, where he received medical treatment until July 21, 1923, when he was discharged and told by

the physician to go back to work. Thereafter he filed his application with the Industrial Commission for compensation for the injuries, under the Workmen's Compensation act. On September 11, 1923, a hearing was had before an arbitrator, who made an award fixing the compensation at $14.40 per week for 19-5/7 weeks for temporary total incapacity. A petition was filed with the Industrial Commission for review of the award, but the petition was in April, 1924, dismissed by Millikan. On February 13, 1925, he filed a petition with the Industrial Commission under paragraph (*h*) of section 19 of the Workmen's Compensation act, alleging increase in the disability. A hearing was had before a commissioner on September 17, 1925, and on October 7, 1925, the commission rendered its decision finding that the disability of the injured employee had increased and recurred and that he was totally and permanently incapable of work, and awarded him $14.40 per week for 295 weeks and $2 for one additional week and thereafter a pension for life of $28.33 per month. On review upon *certiorari* this award was approved by the circuit court of Hardin county. By leave of this court the record is now here for review upon writ of error.

The award being for total permanent incapacity is manifestly against the weight of the evidence in the case and therefore cannot be sustained. The undisputed evidence shows that the year prior to his making the present application Millikan worked at hauling spar and poles in Pope county; that he had to load the poles and spar, and at one time was injured by a pole flying up and hitting him under the chin and knocking out some of his teeth, for which injury he was treated by a physician. The evidence also showed that while working in Kentucky he was injured while trying to break a young mule, being jerked over a disc, and that he was treated by a physician for the injury. The evidence also showed that he has husked corn and helped load and haul it since the present injury. While the

evidence tends to show that he is partially incapacitated, it is not sufficient to justify an award for permanent total incapacity. To justify such an award the applicant must show not only that he has been injured and is entitled to compensation for such injury, but he must also show by evidence that his injuries will be reasonably certain to leave him permanently totally incapacitated.

The judgment will be reversed and the cause remanded to the circuit court of Hardin county, with directions to set aside the award and remand the cause to the Industrial Commission for further hearing.

*Reversed and remanded, with directions.*